IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER P. PATAKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRUDENTIAL FINANCIAL, INC., a foreign corporation and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation,<br><br>　　　　Defendants. | :<br>:　C.A. No.:<br>:<br>:　TRIAL BY JURY OF<br>:　TWELVE DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1.  This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and more particularly §502(a)(1)(B) and §502©) of said Act. 29 U.S.C.A. §1132(a)(1)(B), 1132©). This Court has jurisdiction of this matter under 29 U.S.C.A. §1132 (e).

2.  Plaintiff, Christopher P. Pataki is a citizen of the state of Delaware and resides at 815 Westridge Drive, Hockessin, Delaware 19707 and is a qualified participant in the Prudential plan within the meaning of 29 U.S.C.A. §102(7).

3.  Defendant, Prudential Financial, Inc., is upon information and belief, a foreign corporation doing business in the State of Delaware. Prudential Financial, Inc. is subject to service of process pursuant to 8 Del. C. §382.

4.  Defendant, The Prudential Insurance Company of America is upon information and belief, a foreign corporation doing business in the State of Delaware. The

Prudential Insurance Company of America is subject to service of process pursuant to 8 Del. C. §382.

5. At all times relevant, Plaintiff was employed, solely within the state of Delaware as a secured research analyst for MBNA Corporation, Inc.

6. Plaintiff's employer, MBNA Corporation, Inc. of 1100 N. King Street, Wilmington, Delaware as a part of the Plaintiff's package of employment benefits, provided a health care and disability program.

7. Plaintiff elected to purchase, at his expense, long term disability coverage through the plan being offered by his employer.

8. A policy of long term disability insurance was issued pursuant to policy number G-24923.

9. Defendants are the program administrators, for the long term disability policy of benefits, number G-24923 issued to MBNA Corporation, Inc.

10. At all times relevant, the policy of insurance was in effect and all premiums paid in a timely fashion.

11. In September of 1999, Plaintiff was diagnosed with dermatomyositis, an autoimmune disease.

12. As a result of contracting dermatomyositis, Plaintiff was left with periods of total and partial disability along with medical complications, including but not limited to Raynaud's phenomenon, type II diabetes, deep vein thrombosis, pulmonary embolus and depression from 1999 through the present.

13. Plaintiff's remains disabled and under the advisement of his physician is able to work no more than four (4) hours per day.

14. Plaintiff has received disability benefits from 1999 through January 5, 2006. On January 25, 2006 Plaintiff was notified that his benefits would be terminated as of January 5, 2006, as Defendants no longer considered Plaintiff to be "totally disabled".

15. Plaintiff, pursuant to the provisions of the contract of insurance with Defendants, appealed the initial denial to the Defendant's Appeals Department on February 1, 2006.

16. On February 3, 2006 Plaintiff was notified that his group life insurance coverage would terminate when his long tern disability benefit terminated.

17. Defendants' Appeals Department subsequently affirmed the initial termination of benefits.

18. In May of 2006, Plaintiff requested reconsideration for his claim for long tern disability benefits.

19. Plaintiff's claim was reevaluated and on July 11, 2006 Plaintiff was notified that Defendants prior decision to terminate benefits would be upheld, concluding that upon review Defendants believed Plaintiff was able to return to work full time and as such benefits would be terminated as of February 1, 2006.

20. Plaintiff has now completed the first level of appeals with Defendants provided under the plan.

21. Plaintiff remains disabled as a result of his medical diagnosis.

22. Defendants' actions arbitrarily terminating Plaintiff's long term disability benefits, was wrongful and not based upon substantial and accurate medical evidence.

23. The above mentioned decision of Defendants in denying Plaintiff's benefits due under the terms of the disability plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

24. As a direct and proximate result of the actions of Defendants, Plaintiff has been caused to incur attorney's fees in an amount not currently known to Plaintiff.

25. As the direct and proximate result of the above Defendants' actions, Plaintiff has lost long term disability and life insurance benefits in an amount not known in full by Plaintiff but upon belief and information such loss approximates the amount of benefits under the terms of the disability plan for each month since January 5, 2006 and the amount that Plaintiff will continue to sustain each month until benefits are paid in full.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1. An order for Defendant to pay Plaintiff all long term disability benefits, as well as life insurance benefits that have accrued and unpaid to the date of judgment;

2. Plaintiff be awarded attorney's fees and costs of this action and such other relief that is deemed appropriate.

SILVERMAN, McDONALD & FRIEDMAN

By: _____
Brian E. Lutness, Esquire
Bar I.D. No. 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christopher P. Pataki,

**DEFENDANTS**
Prudential Financial, Inc. and The Prudential Insurance Company of America

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (302) 888-2900
Brian E. Lutness, 1010 N. Bancroft Parkway, Suite 22, Wilmington, DE 19805

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

Citizen of This State: PTF ☒ 1 / DEF ☐ 1
Incorporated or Principal Place of Business In This State: PTF ☐ 4 / DEF ☐ 4

Citizen of Another State: PTF ☐ 2 / DEF ☐ 2
Incorporated and Principal Place of Business In Another State: PTF ☐ 5 / DEF ☒ 5

Citizen or Subject of a Foreign Country: PTF ☐ 3 / DEF ☐ 3
Foreign Nation: PTF ☐ 6 / DEF ☐ 6

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

[Form categories with checkbox ☒ next to **791 Empl. Ret. Inc. Security Act**]

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Brief description of cause: **ERISA, Termination of Benefits**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE: 10/03/2006
SIGNATURE OF ATTORNEY OF RECORD: /s/ Brian Lutness

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **06-621**

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__OCT 04 2006__    __Denise Morrison__
(Date forms issued)    (Signature of Party or their Representative)

__Denise Morrison__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action