UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER P. PATAKI, | : | |
| | : | C.A. No.: 06-621 |
| Plaintiff, | : | |
| | : | TRIAL BY JURY OF |
| v. | : | TWELVE DEMANDED |
| | : | |
| PRUDENTIAL FINANCIAL, INC., a | : | |
| foreign corporation and THE | : | |
| PRUDENTIAL INSURANCE COMPANY | : | |
| OF AMERICA, a foreign | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT

| | |
|---|---|
| STATE OF DELAWARE | : |
| | : SS. |
| NEW CASTLE COUNTY | : |

I, Brian E. Lutness, am attorney for the Plaintiff, Christopher P. Pataki.

This affidavit is made on behalf of the Plaintiff in accordance with the provisions of 10 Del. C. § 3111 as amended is filed as an amendment to the Complaint.

The Defendant, Prudential Financial, Inc., is upon information and belief a foreign corporation, with its principal place of business located at 213 Washington Street, 9th floor, Newark, NJ 07102.

Service was directed to the Delaware Secretary of State. Service was effectuated upon the Secretary of State on October 6, 2006.

On the 13th day of October, 2006, a notice, a copy of which is attached hereto as Exhibit "A", and incorporated by reference as if more fully set forth, was sent by registered mail, return receipt requested, to the address set forth above. On the 25th

day of October, 2006, the return receipt number **RA 122 444 539 US**, which is attached hereto as Exhibit "B" and incorporated by reference as if more fully set forth, was received by the Plaintiff evidencing that the Complaint was received on the 17th day of October, 2006, by Defendant, Prudential Financial, Inc.

**Silverman, McDonald & Friedman**

*/s/ Brian E. Lutness*

**Brian E. Lutness, Esquire**
Bar I.D. No.: 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Counsel for Plaintiff

SWORN TO AND SUBSCRIBED before me this 25th day of October, 2006.

_____
Notary Public
My Commission Expires:

DONNA M. SCHNITZLER, ESQUIRE
Notarial Officer Pursuant to
29 Del. C., Section 4323 (a)(3)

# SILVERMAN McDONALD & FRIEDMAN
*Attorneys at Law*

1010 NORTH BANCROFT PARKWAY
SUITE 22
WILMINGTON, DELAWARE 19805

MICHAEL I. SILVERMAN*
ROBERT C. McDONALD
JEFFREY S. FRIEDMAN†
DONNA M. SCHNITZLER
BRIAN E. LUTNESS**
LYNN A. KELLY●
WILLARD F. PRESTON, III**
ANDREA C. PANICO▫

TELEPHONE:
(302) 888-2900

TELECOPIER:
(302) 888-2923

*ALSO ADMITTED IN PA
**ALSO ADMITTED IN NJ
†ALSO ADMITTED IN PA AND NJ
●ALSO ADMITTED IN MD
▫ADMITTED IN PA ONLY

October 13, 2006

Prudential Financial, Inc.
213 Washington Street, 9th Floor
Newark, NJ 07102

RE: Christopher P. Pataki v. Prudential Financial, Inc. and The Prudential Insurance Company of America
Civil Action No.:06-621

Dear Sir/Madam:

Pursuant to the provisions of 8 Del. C. § 382 and 10 Del. C. §3111, I am enclosing a copy of the Process and Complaint with regard to the above-captioned action.

You are hereby notified that service of the original of such process has been served upon the Secretary of State of Delaware.

As you can see, these papers name you as a defendant in a civil action which has been initiated in the United States District Court in the District of Delaware. Under the provisions of Title 8, §382 and Title 10, §3111, of the Delaware Code, such service is as effectual to all intents and purposes as if it has been made upon you personally within the State.

Very truly yours,

Brian E. Lutness

BEL/acp
Enclosures
REGISTERED MAIL NO. RA 122 444 539 US
RETURN RECEIPT REQUESTED

06-621

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Christopher P. Pataki,

**DEFENDANTS**
Prudential Financial, Inc. and The Prudential Insurance Company of America

(b) County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Essex**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): (302) 888-2900
Brian E. Lutness, 1010 N. Bancroft Parkway, Suite 22, Wilmington, DE 19805

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
- Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [x] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: **ERISA, Termination of Benefits**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint: JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/03/2006
SIGNATURE OF ATTORNEY OF RECORD: *Brian Lutness*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

CHRISTOPHER P. PATAKI,

V.

PRUDENTIAL FINANCIAL, INC.,
a foreign corporation and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a
foreign corporation,

SUMMONS IN A CIVIL CASE

CASE NUMBER:   06-621

TO: (Name and address of Defendant)

PRUDENTIAL FINANCIAL, INC.
213 Washington Street, 9th floor
Newark, NJ  07102

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

BRIAN E. LUTNESS, ESQUIRE
SILVERMAN, McDONALD & FRIEDMAN
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE  19805

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                                    OCT 0 4 2006

CLERK                                              DATE

_Evette Waters_ (signature)
(By) DEPUTY CLERK

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 10/06/06 | |
| NAME OF SERVER (PPJNT) GRANVILLE MORRIS | TITLE SPECIAL PROCESS SERVER | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): SERVED: PRUDENTIAL FINANCIAL, INC C/O THE DELAWARE SECRETARY OF STATE DOVER, DE COPIES THEREOF WERE ACCEPTED BY JAMIE STONE

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  10/06/06
           Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302- 475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

CHRISTOPHER P. PATAKI,

V.

PRUDENTIAL FINANCIAL, INC.,
a foreign corporation and
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA, a
foreign corporation,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   0 6 - 6 2 1

TO: (Name and address of Defendant)

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
213 Washington Street, 9th floor
Newark, NJ  07102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

BRIAN E. LUTNESS, ESQUIRE
SILVERMAN, McDONALD & FRIEDMAN
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE  19805

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                           OCT 0 4 2006

CLERK                                      DATE

Evette Wats

(By) DEPUTY CLERK

• AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE 10/06/06 |
| NAME OF SERVER (PPJNT) GRANVILLE MORRIS | TITLE SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☒ Other (specify): SERVED: THE PRUDENTIAL INSURANCE COMPANY OF AMERICA C/O THE DELAWARE INSURANCE COMMISSIONER DOVER, DE COPIES THEREOF WERE ACCEPTED BY LISA PENN

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  10/06/06
              Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302- 475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER P. PATAKI, | : | |
| | : | C.A. No.: |
| Plaintiff, | : | |
| | : | TRIAL BY JURY OF |
| v. | : | TWELVE DEMANDED |
| | : | |
| PRUDENTIAL FINANCIAL, INC., a | : | |
| foreign corporation and THE | : | |
| PRUDENTIAL INSURANCE COMPANY | : | |
| OF AMERICA, a foreign | : | |
| corporation, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and more particularly §502(a)(1)(B) and §502©) of said Act. 29 U.S.C.A. §1132(a)(1)(B), 1132©). This Court has jurisdiction of this matter under 29 U.S.C.A. §1132 (e).

2. Plaintiff, Christopher P. Pataki is a citizen of the state of Delaware and resides at 815 Westridge Drive, Hockessin, Delaware 19707 and is a qualified participant in the Prudential plan within the meaning of 29 U.S.C.A. §102(7).

3. Defendant, Prudential Financial, Inc., is upon information and belief, a foreign corporation doing business in the State of Delaware. Prudential Financial, Inc. is subject to service of process pursuant to 8 Del. C. §382.

4. Defendant, The Prudential Insurance Company of America is upon information and belief, a foreign corporation doing business in the State of Delaware. The

        Prudential Insurance Company of America is subject to service of process pursuant to 8 Del. C. §382.

5. At all times relevant, Plaintiff was employed, solely within the state of Delaware as a secured research analyst for MBNA Corporation, Inc.

6. Plaintiff's employer, MBNA Corporation, Inc. of 1100 N. King Street, Wilmington, Delaware as a part of the Plaintiff's package of employment benefits, provided a health care and disability program.

7. Plaintiff elected to purchase, at his expense, long term disability coverage through the plan being offered by his employer.

8. A policy of long term disability insurance was issued pursuant to policy number G-24923.

9. Defendants are the program administrators, for the long term disability policy of benefits, number G-24923 issued to MBNA Corporation, Inc.

10. At all times relevant, the policy of insurance was in effect and all premiums paid in a timely fashion.

11. In September of 1999, Plaintiff was diagnosed with dermatomyositis, an autoimmune disease.

12. As a result of contracting dermatomyositis, Plaintiff was left with periods of total and partial disability along with medical complications, including but not limited to Raynaud's phenomenon, type II diabetes, deep vein thrombosis, pulmonary embolus and depression from 1999 through the present.

13. Plaintiff's remains disabled and under the advisement of his physician is able to work no more than four (4) hours per day.

14. Plaintiff has received disability benefits from 1999 through January 5, 2006. On January 25, 2006 Plaintiff was notified that his benefits would be terminated as of January 5, 2006, as Defendants no longer considered Plaintiff to be "totally disabled".

15. Plaintiff, pursuant to the provisions of the contract of insurance with Defendants, appealed the initial denial to the Defendant's Appeals Department on February 1, 2006.

16. On February 3, 2006 Plaintiff was notified that his group life insurance coverage would terminate when his long tern disability benefit terminated.

17. Defendants' Appeals Department subsequently affirmed the initial termination of benefits.

18. In May of 2006, Plaintiff requested reconsideration for his claim for long tern disability benefits.

19. Plaintiff's claim was reevaluated and on July 11, 2006 Plaintiff was notified that Defendants prior decision to terminate benefits would be upheld, concluding that upon review Defendants believed Plaintiff was able to return to work full time and as such benefits would be terminated as of February 1, 2006.

20. Plaintiff has now completed the first level of appeals with Defendants provided under the plan.

21. Plaintiff remains disabled as a result of his medical diagnosis.

22. Defendants' actions arbitrarily terminating Plaintiff's long term disability benefits, was wrongful and not based upon substantial and accurate medical evidence.

23. The above mentioned decision of Defendants in denying Plaintiff's benefits due under the terms of the disability plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

24. As a direct and proximate result of the actions of Defendants, Plaintiff has been caused to incur attorney's fees in an amount not currently known to Plaintiff.

25. As the direct and proximate result of the above Defendants' actions, Plaintiff has lost long term disability and life insurance benefits in an amount not known in full by Plaintiff but upon belief and information such loss approximates the amount of benefits under the terms of the disability plan for each month since January 5, 2006 and the amount that Plaintiff will continue to sustain each month until benefits are paid in full.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1. An order for Defendant to pay Plaintiff all long term disability benefits, as well as life insurance benefits that have accrued and unpaid to the date of judgment;

2. Plaintiff be awarded attorney's fees and costs of this action and such other relief that is deemed appropriate.

SILVERMAN, McDONALD & FRIEDMAN

By: */s/ Brian Lutness/* /LAK/
Brian E. Lutness, Esquire
Bar I.D. No. 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff

Case 1:06-cv-00621-JJF   Document 3-2   Filed 10/25/2006   Page 12 of 12

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

_____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: 06 - 621

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____   _____
Date              United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Prudential Financial, Inc
   213 Washington Street
   9TH floor
   Newark, NJ 07102

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X C. Gonzalez    ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   C. Gonzalez    10/?/06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☒ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (transfer from service label)
   RA 122 444 539 US

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

---

Registered No. RA 122 444 539 US

**Reg. Fee** | **OFFICIAL USE**
Handling Charge |
Postage |
Received by | [signature]
Restricted Delivery |
Customer Must Declare Full Value $ | ☒ With Postal Insurance / ☐ Without Postal Insurance

Date Stamp: WILMINGTON DE 19805, OCT 13 2006

**FROM:**
Brian E. Lutness, Esq.
Silverman, McDonalds Friedman
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805

**TO:**
Prudential Financial, Inc
213 Washington St., 9th Fl
Newark, NJ 07102

PS Form 3806, May 2004 — Receipt for Registered Mail