IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER P. PATAKI | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| PRUDENTIAL FINANCIAL, INC. and | : | |
| THE PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA | : | |
| Defendants | : | NO. 06-621-JJF |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Prudential Financial, Inc. and The Prudential Insurance Company of America (hereinafter "Prudential"), by their attorneys, respond as follows to plaintiff's complaint:

### FIRST DEFENSE

1. To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are admitted.

2. Admitted, on information and belief.

3-4. Denied as stated. It is admitted that defendants are corporations organized and existing under the laws of the State of New Jersey. Since the remaining allegations of these paragraphs are conclusions of law, no response is required.

5. Admitted, on information and belief.

6. Admitted.

7. It is admitted, on information and belief, that plaintiff elected to participate in the long-term disability plan offered by his employer. After reasonable investigation, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the remaining

223526.1

allegations of this paragraph. These allegations are therefore denied, and strict proof thereof is demanded at trial.

    8.    Denied as stated. It is admitted that plaintiff became a plan participant.

    9.    Denied as stated. Defendant The Prudential Insurance Company of America, a subsidiary of defendant Prudential Financial, Inc., is the claims fiduciary and insurer for the plan.

    10.    Admitted.

    11.    Admitted, on information and belief.

    12.    After reasonable investigation, Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. These allegations are therefore denied, and strict proof thereof is demanded at trial.

    13.    To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied.

    14-18.    Admitted.

    19.    Denied as stated. It is admitted that Prudential believes, and the record documents, that plaintiff is not unable to perform the functions of any occupation for which he is reasonably suited by virtue of his education, training or experience.

    20.    Admitted.

    21.    To the extent, if at all, the allegations of this paragraph are not conclusions of law to which no response is required, they are denied.

    22-25.    Denied.

WHEREFORE, defendants Prudential Financial, Inc. and The Prudential Insurance Company of America demand judgment in their favor and against plaintiff Christopher P. Pataki.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not eligible to receive additional Long-Term Disability benefits because he is not disabled from "any gainful occupation for which he is reasonably fitted by education, training or experience," and therefore does not meet the contractual definition of disability set forth in the Policy.

**THIRD AFFIRMATIVE DEFENSE**

The medical evidence supports plaintiff's ability to perform work in one or more gainful occupations.

**FOURTH AFFIRMATIVE DEFENSE**

Prudential did not engage in any arbitrary and/or capricious actions or inactions.

**FIFTH AFFIRMATIVE DEFENSE**

Prudential's decisions are entitled to great deference and its determination herein was neither arbitrary nor capricious.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to a jury trial on the cause of action alleged.

WHEREFORE, defendant The Prudential Insurance Company of America demands judgment in its favor and against plaintiff Charles Salerno.

                        Respectfully submitted,

                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP

By:   s/Megan N. Harper
       Megan N. Harper, Esquire
       Attorney I.D. No. 4103
       Attorney for Defendants
       Prudential Financial, Inc. and
       The Prudential Insurance Company of
       America

Dated: December 8, 2006

## CERTIFICATE OF SERVICE

I, Megan N. Harper, attorney for defendants Prudential Financial, Inc. and The Prudential Insurance Company of America, hereby certify that a true and correct copy of the within Answer to Plaintiff's Complaint with Affirmative Defenses was served on December 8, 2006 by first class mail to counsel of record addressed as follows:

Bruce E. Lutness, Esquire
SILVERMAN, McDONALD & FRIEDMAN
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19085

s/Megan N. Harper
Megan N. Harper

223526.1