IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER P. PATAKI, | : |
| | : C.A. No.: 06-621 |
| Plaintiff, | : |
| | : TRIAL BY JURY OF |
| v. | : TWELVE DEMANDED |
| | : |
| PRUDENTIAL FINANCIAL, INC., a | : |
| foreign corporation and THE | : |
| PRUDENTIAL INSURANCE COMPANY | : |
| OF AMERICA, a foreign | : |
| corporation, | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SILVERMAN, McDONALD & FRIEDMAN

/s/ Brian E. Lutness, Esquire
BRIAN E. LUTNESS, ESQUIRE
Bar I.D. No.: 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
Attorney for Plaintiff

Dated: August 13, 2007

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| Table of Citations | | ii |
| Nature and Stage of Proceedings | | 1 |
| Summary of the Argument | | 2 |
| Statement of Facts | | 3 |
| Argument | | 6 |
| I. | Legal Standard | 6 |
| II. | Defendants' determination that Plaintiff is no longer "disabled" was arbitrary, capricious, not made in good faith, unreasonable, and unsupported by substantial evidence. | 6 |
| Conclusion | | 9 |

## TABLE OF CITATIONS

Cases:

Celotex Corp. v. Cartrett,
    477 U.S. 317 (1986) .................................................................... 6,8

Coffey v. Dowley Mfg.,
    187 F. Supp. 2d 958 (M.D. Tenn., 2002) ...................................... 6

Daubert v. Merrell Dow Pharms.,
    509 U.S. 579 (1993) .................................................................... 6

Firestone Tire & Rubber Co. v. Bruch,
    489 U.S. 101, 115 (1989) ............................................................ 6

Mohney v. U.S.A. Hockey, Inc.,
    300 F. Supp. 2d 556 (N.D. Ohio, 2004) ....................................... 6

Pagan v. NYNEX Pension Plan,
    52 F. 3d 438 (2d Cir. 1995) ......................................................... 8

Sharkey v. Ultramar,
    70 F.3d 262 (2d. Cir. 1995) ......................................................... 6

Statutes:

29 U.S.C.A. §502 ................................................................................. 1

29 U.S.C.A. §1002 ............................................................................... 3

29 U.S.C.A. §1132 ............................................................................... 1

Other Authorities:

Federal Rules of Civil Procedure
F. R. Civ. P. 56 .................................................................................... 6,8

## NATURE AND STAGE OF PROCEEDINGS

This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and more particularly §§ 502(a)(1)(B) of said Act. 29 U.S.C.A. §§ 1132(a)(1)(B), 1132 (c). Plaintiff brought a claim for long-term and short-term benefits against Defendant. Defendant has denied those claims. Plaintiff has exhausted his administrative remedies under ERISA. Plaintiff is entitled to sue Defendants under ERISA as he has completed the first level of intra-plan review and has again been denied disability benefits. (Exhibit I, Prudential Letter dated July 11, 2006). This court has exclusive jurisdiction over this matter pursuant to ERISA. This is Plaintiff's Motion for Summary Judgement.

## SUMMARY OF THE ARGUMENT

I.     DEFENDANTS' DETERMINATION THAT PLAINTIFF IS NO LONGER DISABLED WAS ARBITRARY, CAPRICIOUS, NOT MADE IN GOOD FAITH, UNREASONABLE AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE.

## **STATEMENT OF FACTS**

Plaintiff elected to purchase, at his expense, long term disability coverage through the plan being offered by his employer, MBNA Corporation, Inc., of 1100 N. King Street, Wilmington, Delaware. Plaintiff was issued a policy of long term disability insurance pursuant to policy number G-24923. Defendants are the program administrators for said policy issued to MBNA Corporation, Inc. Plaintiff is a qualified participant in said benefit plan within the meaning of 29 U.S.C.A. § 1002(7). At all times relevant, the policy of insurance was in effect and all premiums paid in a timely fashion.

In September of 1999, Plaintiff was diagnosed with dermatomyositis, a disease that causes muscle pain, swelling and fatigue. As a result, Plaintiff was left with periods of total and partial disability along with medical complications including Raynaud's phenomenon, Type II diabetes, deep vein thrombosis, pulmonary embolus and depression from 1999 through the present. Under the advisement of his physician, Plaintiff is able to work no more than four (4) hours per day. (Exhibit A, Dr. Newman Estimation of Physical Capacities dated June 29, 2005; Exhibit B, Dr. Newman letter dated April 10, 2006).

Plaintiff has received disability benefits from 1999 through January 31, 2006 as compensation for his part time work restriction. On January 25, 2006, Plaintiff was notified that Defendants had terminated his claim for long-term disability benefits effective January 5, 2006. (Exhibit C--Prudential Letter dated January 25, 2006). On February 3, 2006, Plaintiff was notified that his group life insurance coverage would terminate when his long term disability benefit terminated.

Defendants' decision to terminate Plaintiff's benefits was based on their conclusion that Plaintiff was no longer "disabled" as that term is defined by policy number G-24923.

3

Specifically, Defendants contend that medical information no longer supports that muscular fatigue and lack of endurance render Plaintiff unable to perform the duties of his own occupation on a full time basis. (Exhibit C, Prudential Letter dated January 25, 2006 (Defines "disability" for purposes of policy G-24923)).

Defendants' determination that Plaintiff is no longer "disabled" was arbitrary, capricious, not made in good faith, unreasonable, and unsupported by substantial evidence. Specifically, Defendants' rely on faulty information and unreasonable conclusions as follows: Defendants rely on investigative and surveillance reports provided by Research Consultants Group, Inc. of Chicago, Illinois. Said reports are entirely inaccurate, reporting that (1) Plaintiff attends the YMCA gym approximately 25 times per month, and (2) participates in a YMCA adult-league soccer team which practices three times per week. (Exhibit D, RCG Investigative Report dated October 14, 2005 and Surveillance Report dated November 28, 2005). A YMCA Facility Access Report from May, 2006 indicates that Plaintiff in fact used YMCA facilities an average of only 10 times per month. (Exhibit E). Furthermore, the YMCA Senior Program Director attests to the fact that Plaintiff does not play or coach soccer at the YMCA. (Exhibit E, Western Family YMCA letter dated May 9, 2006).

The above aberrations of fact were relied upon by Prudential Financial's Medical Director, Dr. Albert Kowalski, in his determination that Plaintiff's elevated and inconsistent creatine phosphokinase (CPK) levels are not indicative of his incapacity due to dermatomyositis. Specifically, Dr. Kowalski attributes Plaintiff's elevated CPK levels to his "strenuous" "daily" exercise program, (Exhibit F, Prudential SOAP notes dated January 18, 2006; Exhibit G, Prudential SOAP notes dated January 25, 2006), rather than according such evidence its proper weight as an objective, medically accepted indication of muscle pain and fatigue. (Exhibit H,

4

Prudential SOAP note dated September 9, 2005). Defendants relied on Kowalski's opinion as a basis for their denial in spite of the fact that it was highly speculative and based on factual inaccuracies. (Exhibit C, Prudential Letter to Plaintiff dated January 25, 2006; Exhibit G, Prudential SOAP note dated January 25, 2006).

## ARGUMENT

### I.   LEGAL STANDARD

In a denial of benefits case, Defendants bear the burden of proving that the plan administrator had discretionary authority over benefits determinations such that the deferential "arbitrary and capricious" standard of review is applicable. Sharkey v. Ultramar, 70 F.3d 226, 230 (2d Cir. 1995); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). A moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Celotex Corp. v. Cartrett, 477 U.S. 317, 322-323 (1986).

### II.   DEFENDANTS' DETERMINATION THAT PLAINTIFF IS NO LONGER DISABLED WAS ARBITRARY, CAPRICIOUS, NOT MADE IN GOOD FAITH, UNREASONABLE AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE.

A wealth of case law indicates that expert opinions based on inaccurate facts should be given little or no weight. Just to be admissible, an expert's scientific opinion must rest on a "reliable foundation." Daubert v. Merrell Dow Pharms., 509 U.S. 579, 597 (1993). An opinion that rests entirely on unreliable data must be excluded. Mohney v. USA Hockey, Inc., 300 F.Supp.2d 556, 565 (N.D. Ohio, 2004). Similarly, an expert opinion based on mere "speculations" cannot be relied upon. Coffey v. Dowley Mfg., 187 F.Supp.2d 958, 976 (M.D. Tenn., 2002). Here, Dr. Kowalski's opinion that Plaintiff is not disabled is based upon:

(1)   highly speculative interpretation of Plaintiff's CPK levels that ignores accepted medical wisdom, and

(2)   categorically false information provided by Research Consultants Group.

Precedent dictates that Dr. Kowalski's opinion is worthy of little or no evidentiary consideration.

Further, Prudential's conclusion that Plaintiff's CPK levels are not indicative of muscle fatigue is in direct conflict with conventional medical wisdom. Even Dr. Kowalski has acknowledged that Plaintiff's elevated CPK levels as of September, 2005 warranted his party time work restriction. Kowalski further acknowledged that if Plaintiff's CPK levels remained either inconsistent or elevated, the part time work restriction would continue to be warranted. (Exhibit H, Prudential SOAP note dated September 9, 2005). These opinions are in accordance with those of Dr. James Newman, Plaintiff's personal physician and an experienced leader in the field of rheumatology, who asserts that Plaintiff's dermatomyositis causes muscular fatigue that warrants the part time work restriction. (Exhibit I, Dr. Newman letter dated December 5, 2003; Exhibit B, Dr. Newman letter dated April 10, 2006.

In August 2002, Plaintiff developed deep vein thrombosis (DVT) which resulted in several potentially life threatening pulmonary emboli. (Exhibit J, Christiana Care Discharge Summary dated August 9, 2002). In the medical community, there is universal agreement that the primary risk factor for DVT is inactivity. (Exhibit K, DVT information). Despite this fact, Dr. Kowalski failed to acknowledge either (1) Plaintiff's need for exercise, or (2) the threat posed to Plaintiff by his sedentary occupation. This glaring omission casts a dark shadow of doubt on Dr. Kowalski's credibility if not his motivation. Such is especially true when viewed in conjunction with Kowalski's willingness to disregard conventional medical wisdom and his own knowledge in rendering his opinion that Plaintiff's elevated CPK levels are not indicative of disability.

Plaintiff remains disabled and under the advisement of his physician is able to work no more than four (4) hours per day. (Exhibit A, Dr. Newman letter dated June 29, 2005; Exhibit

7

B, Dr. Newman letter dated April 10, 2006.)

Even under the deferential "arbitrary and capricious" standard, a court may overturn a decision to deny benefits if the decision was made "without reason" or was "unsupported by substantial evidence." Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2d Cir. 1995). Because Defendants' decision to deny Plaintiff benefits was entirely based on Dr. Kowalski's unsupported opinion as outlined in paragraph 8 herein, this Court should overturn that decision and award Plaintiff all benefits accrued and unpaid.

A moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Celotex Corp. v. Cartrett, 477 U.S. 317, 322-323 (1986). Here,, Defendants recognize that elevated CPK levels such as those exhibited by Plaintiff are indicative of disabling muscular fatigue. Further, their own expert's opinion is based upon inaccurate information and therefore unreliable and inadmissable under the *Daubert* Standard. Defendants' argument that Plaintiff's CPK levels are non-representative of his impairment is not tenable as it relies heavily on discredited inaccuracies pertaining to Plaintiff's exercise habits. In short, Defendants have no means of disproving Dr. Newman's assertion that Plaintiff is significantly incapacitated by dermatomyositis and cannot work full time. As such, no genuine issue as to any material fact exists, and Plaintiff is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(c).

## CONCLUSION

As the only expert testimony, based upon accurate and reliable information, concludes that Plaintiff is partially disabled from working more than four hours per day, this court should grant Plaintiff's Motion for Summary Judgment.

SILVERMAN, McDONALD & FRIEDMAN

/s/ Brian E. Lutness, Esquire
BRIAN E. LUTNESS, ESQUIRE
Bar I.D. No.: 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER P. PATAKI, | : |
| | : C.A. No.: 06-621 |
| Plaintiff, | : |
| | : TRIAL BY JURY OF |
| v. | : TWELVE DEMANDED |
| | : |
| PRUDENTIAL FINANCIAL, INC., a | : |
| foreign corporation and THE | : |
| PRUDENTIAL INSURANCE COMPANY | : |
| OF AMERICA, a foreign | : |
| corporation, | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, Brian E. Lutness, Esquire hereby certify that two true and correct copies of Plaintiff's Motion for Summary Judgment, Opening Brief and exhibits were served via United States mail, first class, postage prepaid, this 13th day of August, 2007 upon:

Robert K. Beste, III, Esquire
Smith, Katzenstein & Furlow, LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

SILVERMAN, McDONALD & FRIEDMAN

 /s/ Brian E. Lutness, Esquire 
BRIAN E. LUTNESS, ESQUIRE
Bar I.D. No.: 3572
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
Attorney for Plaintiff

# SEALED DOCUMENT